In the Matter of Michael S. GREENE, Respondent.

No. 20S00–0707–DI–293.

Supreme Court of Indiana.

March 11, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to six counts of misconduct from 2005 through 2007 in cases in which a trial court appointed Respondent to represent criminal defendants in appeals. Respondent then neglected the appeals, missed deadlines, and failed to respond to the clients' repeated requests for information about the appeals. He continued to accept appointments and failed to withdraw from cases after he knew he was having great difficulty completing appeals assigned to him. In one case, Respondent failed to respond to a court order to respond to his client's motion to produce the client's file.

A fact in aggravation is the vulnerability of Respondent's incarcerated clients. Facts in mitigation are: (1) Respondent's lack of prior discipline; and (2) his cooperation with the Commission.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonable necessary to permit client to make informed decisions.

1.16(a)(2): Failure to withdraw from representation when the lawyer's ability to represent the client is impaired.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

**Discipline:** The parties propose the appropriate discipline is a six-month suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning April 22, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the ac-

ceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.